U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

MAY 17 2016

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

FILED

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 1:16-cr-00065-SM |
| | ) |
| ROBERT BRUNK | ) |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United

States of America by its attorney, Emily Gray Rice, the United States Attorney for the District of

New Hampshire, the defendant, Robert Brunk, and the defendant's attorney, Richard Guerriero,

Esquire, enter into the following Plea Agreement:

1. The Plea and the Offense.

The defendant agrees to waive his right to have this matter presented to a Grand Jury and

agrees to plead guilty to Count One of the Information that charges him with possessing child

pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing

stipulations identified in Section 6 of this agreement.

2. The Statute and Elements of the Offense.

Title 18, United States Code, Section 2252(a)(4)(B) provides, in pertinent part:

> Any person who . . . knowingly possesses, or knowingly accesses
> with intent to view, 1 or more books, magazines, periodicals, films,
> video tapes, or other matter which contain any visual depiction that
> has been mailed, or has been shipped or transported using any
> means or facility of interstate or foreign commerce or in or
> affecting interstate or foreign commerce, or which was produced
> using materials which have been mailed or so shipped or
> transported, by any means including by computer, if (i) the
> producing of such visual depiction involves the use of a minor

-1-

> engaging in sexually explicit conduct; and (ii) such visual
> depiction is of such conduct . . . [shall be guilty of a violation of
> the law].

18 U.S.C. § 2252(a)(4)(B).

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

FIRST, that the defendant, Robert Brunk, knowingly possessed an external hard drive;

SECOND, that the external hard drive contained at least one image of child pornography;

THIRD, that the defendant, Robert Brunk, knew that the external hard drive contained an image of child pornography;

FOURTH, that the image of child pornography was produced using materials which have been mailed or shipped or transported in interstate or foreign commerce;

FIFTH, that the image involved a minor who had not attained twelve (12) years of age.

*See e.g.*, 3-62 Modern Federal Jury Instructions – Criminal P. 62.02 (2015).

3. Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the United States would prove the following facts, and those facts would establish the elements of the offense beyond a reasonable doubt:

On November 7, 2014, law enforcement officers executed a search warrant at the residence of Robert Brunk. Pursuant to the search warrant, officers seized computers and an external hard drive. Officers conducted a full forensic review of the external hard drive – which was manufactured outside New Hampshire – and located images and videos of children under the age of 18 engaged in sexual acts. The defendant, when interviewed, admitted that the external hard drive was his, and stated that he knew it contained images of children under the age of 18

-2-

engaged in sexual conduct. Between on or about September 3, 2012 and June 22, 2014, some of

those images were produced by the defendant and therefore also possessed by the defendant, in

the state of New Hampshire, and those images depicted at least one minor under the age of 12.

The defendant produced the images using a camera which was manufactured outside of New

Hampshire.

4.  Penalties, Special Assessment, and Restitution.

The defendant understands that the penalties for the offense include:

A.      A prison term of not more than twenty (20) years (18 U.S.C. § 2252(b)(2));

B.      A maximum fine of $250,000 (18 U.S.C. § 3571);

C.      A term of supervised release of any term of years not less than five (5), or life (18 U.S.C. § 3583(k)); and

D.      A mandatory special assessment of $100 for each count of conviction, which the defendant agrees to pay at or before the time of sentencing.

The defendant understands that his failure to comply with any of the conditions of

supervised release may result in revocation of supervised release, requiring the defendant

to serve in prison all or part of the term of supervised release, with no credit for time

already spent on supervised release (18 U.S.C. § 3583).

In addition to the other penalties provided by law, the Court may also order the

defendant to pay restitution to the victims of the offense, pursuant to 18 U.S.C. § 3663 or

§ 3663A.

5.  Sentencing and Application of the Sentencing Guidelines.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case

and that the Court is required to consider the United States Sentencing Guidelines as advisory

guidelines.  The defendant further understands that he has no right to withdraw his guilty plea if

-3-

the applicable advisory guideline range or his sentence is other than he anticipated, except as expressly provided in this Plea Agreement.

The defendant also understands that the United States and the United States Probation Office shall:

A.  Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B.  Respond to questions from the Court;

C.  Correct any inaccuracies in the pre-sentence report;

D.  Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range within the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court, except as expressly provided in this Plea Agreement.

6.  Sentencing Stipulations and Agreements.

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the government and the defendant agree to the following stipulations:

(1) The parties agree that a sentence of no greater than 180 months of imprisonment and no less than 60 months of imprisonment is the appropriate disposition of this case.

(2) The United States agrees to return, after a final judgment in this case, to a family member designated by Mr. Brunk, all personal property seized from Mr. Brunk or from his home, except for the forfeited property identified in Section 14.

-4-

(3) The United States agrees to request that a law enforcement agent copy to a portable drive supplied by Mr. Brunk's counsel, personal documents and photos specifically identified by Mr. Brunk's counsel, stored on the two computers and the external hard drive identified in Section 14.  Mr. Brunk understands that this agreement by the United States in no way alters his agreement to forfeit the two computers and the external hard drive.

(4) The United States agrees that if this Court accepts Mr. Brunk's plea and this plea agreement, and if Mr. Brunk is sentenced within the range stipulated by the parties, the United States agrees to recommend to state authorities that the pending state court charges be dismissed and that no other charges based on this conduct be prosecuted in state court.  Mr. Brunk understands that this is a recommendation only, that it is not binding on the state authorities, and that the United States has no authority to bind or make an agreement on behalf of any state authorities.

The parties intend the above stipulation to be "binding" under Fed. R. Crim. P. 11(c)(1)(C). By using the word "binding" the parties mean that if the Court will not accept the plea agreement under Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is null and void. The parties will not be allowed to vacate or withdraw from the Plea Agreement for any other reason. If the Court does not accept the plea agreement, the defendant agrees that the government may seek an indictment charging the defendant with production of child pornography in violation of 18 U.S.C. § 2251(a).

The United States and the defendant are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and

appropriate, unless such recommendations are inconsistent with the terms of this Plea
Agreement.

    7. <u>Acceptance of Responsibility</u>.

    The United States agrees that it will not oppose an appropriate reduction in the
defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the
defendant's apparent prompt recognition and affirmative acceptance of personal responsibility
for the offense. The United States, however, may oppose any adjustment for acceptance of
responsibility if the defendant:

    A.    Fails to admit a complete factual basis for the plea at the time he is
    sentenced or at any other time;

    B.    Challenges the United States' offer of proof at any time after the plea is
    entered;

    C.    Denies involvement in the offense;

    D.    Gives conflicting statements about that involvement or is untruthful with
    the Court, the United States or the Probation Office;

    E.    Fails to give complete and accurate information about his financial status
    to the Probation Office;

    F.    Obstructs or attempts to obstruct justice, prior to sentencing;

    G.    Has engaged in conduct prior to signing this Plea Agreement which
    reasonably could be viewed as obstruction or an attempt to obstruct
    justice, and has failed to fully disclose such conduct to the United States
    prior to signing this Plea Agreement;

    H.    Fails to appear in court as required;

    I.    After signing this Plea Agreement, engages in additional criminal conduct;
    or

    J.    Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any

of the reasons listed above, the United States does not recommend that he receive a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8.  Waiver of Trial Rights and Consequences of Plea.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.  The defendant also understands that he has the right:

A.      To plead not guilty or to maintain that plea if it has already been made;

B.      To be tried by a jury and, at that trial, to the assistance of counsel;

C.      To confront and cross-examine witnesses;

D.      Not to be compelled to provide testimony that may incriminate him; and

E.      To compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of the his guilty plea, he will not be entitled to a trial.

-7-

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9. Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that he:

A.   Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

B.   Is entering into this Plea Agreement without reliance upon any promise of benefit of any kind except as set forth in this Plea Agreement;

C.   Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D.   Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

E.   Is completely satisfied with the representation and advice received from his undersigned attorney.

10. Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from his guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

-8-

11. <u>Collateral Consequences</u>.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes constitute removable offenses, including the offenses to which the defendant is pleading guilty. Removal and other immigration consequences would, however, be the subject of separate proceedings, and the defendant understands that no person, including the defendant's attorney or the District Court, can predict to a certainty the effect of the defendant's guilty plea on the defendant's immigration status. The defendant nevertheless affirms that the defendant desires to plead guilty regardless of any immigration consequences, even if the consequence is the defendant's automatic removal from the United States.

The defendant further understands that by pleading guilty, the defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The defendant further understands

-9-

that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies

upon his release from confinement following supervision.

    12.  Satisfaction of Federal Criminal Liability; Breach.

    The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal

liability in the District of New Hampshire arising from his participation in the conduct that forms

the basis of the Information in this case.  The defendant understands that if, before sentencing, he

violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails

to appear for sentencing, the United States may consider such conduct to be a breach of the Plea

Agreement and may withdraw therefrom.

    13.  Waivers.

    A.  Appeal.

    The defendant understands that he has the right to challenge his guilty plea and/or

sentence on direct appeal.  By entering into this Plea Agreement the defendant knowingly and

voluntarily waives his right to challenge on direct appeal:

    1.    His guilty plea and any other aspect of his conviction, including, but not
          limited to, adverse rulings on pretrial suppression motion(s) or any other
          adverse disposition of pretrial motions or issues; and

    2.    All aspects of the sentence imposed by the Court if that sentence is the stipulated
          sentence or within the stipulated sentencing range specified in section 6 of this
          agreement.

    The defendant's waiver of his rights does not operate to waive an appeal based upon new

legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea

Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

    B.  Collateral Review.

    The defendant understands that he may have the right to challenge his guilty plea and/or

-10-

sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255.  By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1.  His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

2.  All aspects of the sentence imposed by the Court if that sentence is the stipulated sentence or within the stipulated sentencing range specified in section 6 of this agreement.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel.  The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C.  Freedom of Information and Privacy Acts.

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D.  Appeal by the Government.

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government to pursue an appeal that is authorized by law.

14. Forfeiture

Pursuant to Title 18, United States Code, Section 2253, the defendant, Robert Brunk, agrees to forfeit to the United States immediately and voluntarily the following property, which was used in a manner to commit or facilitate the commission of the violation charged in Count One of the Information:

    A. an HP Pavilion DM4 laptop bearing serial number CNU034121T;

    B. an HP Pavilion laptop bearing serial number CNF9517K7T; and

    C. a Toshiba 1.5TB external hard drive bearing serial number 731YTOOWTTV2.

The defendant agrees to waive all constitutional, statutory, and any other challenges in any manner, including, without limitation, by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including the following: (1) the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the U.S. Constitution; (2) failure to comply with any and all requirements of Fed. R. Crim. P. 11(b)(1)(J) pertaining to the Court's advice at the change of plea hearing; and (3) failure to comply with any and all requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

The defendant agrees to hold the United States, its agents, and employees, and any state or local law enforcement agency participating in the investigation and prosecution of this case, harmless from any claims whatsoever in connection with the seizure and forfeiture, as well as the seizure, detention and return of any property in connection with the investigation and prosecution

of this case.  The defendant represents that he is the sole owner of the above-listed assets.  The defendant acknowledges that the property to be forfeited under this section is subject to forfeiture as property facilitating illegal conduct.

15. <u>No Other Promises</u>.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

16. <u>Final Binding Agreement</u>.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

17.   Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this

Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and

void and no part of it may be enforced.

EMILY GRAY RICE
United States Attorney

Date: 5-17-16                        By:

Georgiana L. Konesky
Assistant U.S. Attorney
53 Pleasant St., 4th Floor
Concord, NH 03301
Georgiana.konesky@usdoj.gov

Nick Abramson
Assistant U.S. Attorney
53 Pleasant St., 4th Floor
Concord, NH 03301
Nick.Abramson @usdoj.gov

The defendant, Robert Brunk, certifies that he has read this 14-page Plea Agreement and
that he fully understands and accepts its terms.

Date: 5-15-2016                        Robert Brunk, Defendant

I have read and explained this 14-page Plea Agreement to the defendant, and he has
advised me that he understands and accepts its terms.

Date: 5-15-2016                        Richard Guerriero, Esquire
Attorney for Robert Brunk

-14-